(Not for Publication)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                   :

CALVIN ANDERSON,                    :
                                     :

               Plaintiff,          :       Civil No. 06-5553 (RBK)
                                     :

                  v.               :       **OPINION**
                                     :

CHARLESTON IWAGU and HEALTH    :
SERVICES,                            :
                                     :

             Defendants.      :
_____ :

**KUGLER**, United States District Judge:

Presently before the Court is a motion by defendants Charleston Iwagu and Health Services ("Defendants") seeking dismissal, or in the alternative, an award of summary judgment, on the Complaint filed by plaintiff Calvin Anderson ("Plaintiff"), alleging violations of his rights under the Eighth Amendment and brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Because the Court finds that Plaintiff has not exhausted his administrative remedies, Defendants' motion, construed as a motion for summary judgment, is granted.

## I.      BACKGROUND

Plaintiff was an inmate at Federal Correction Institution Fort Dix ("Fort Dix") when the incidents giving rise to the complaint occurred.  Plaintiff alleges that he has suffered painful

hemorrhoids since August 2004 when his incarceration began.  When his condition took a turn

for the worse, prison officials sent him for consultation with a specialist who recommended

surgery or laser treatment as the only effective treatments.  Plaintiff claims Defendant Iwagu, the

Medical Administrator, deliberately delayed the scheduling of surgery in order to avoid paying

for it because Plaintiff was scheduled for release on December 15, 2006.  Plaintiff asserts that he

suffered extreme pain and bleeding every day.  He asserts in a supplement to the Complaint that

he believes that Defendant persuaded the original specialist to order an additional consultation in

order to delay the surgery until after Plaintiff's release.  Plaintiff contends that the Medical

Administrator was deliberately indifferent to his serious medical need for surgery and delayed the

surgery for financial reasons.

Plaintiff filed the complaint in this case on November 29, 2006.  He was transferred from

Fort Dix to the Middlesex County Correctional Center sometime before January 11, 2007.  From

that facility, he  was deported to Jamaica, where he now resides.  Defendants filed the motion

now before the Court, styled as a motion to dismiss Plaintiff's complaint  or in the alternative for

summary judgment, on April 2, 2007.  Plaintiff has not opposed the motion.

The Court construes the motion as one for summary judgment because Defendants have

attached additional exhibits beyond the pleadings, which the Court considers in resolving the

motion.  See Camp v. Brennan, 219 F.3d 279, 280 (3d Cir. 2000).  Because Defendants filed in

the alternative, Plaintiff received notice in the motion itself that the Court could consider the

motion as requesting summary judgment.  Plaintiff was provided adequate notice and an

opportunity to respond, and the motion is ripe for decision.

## II.     STANDARD FOR SUMMARY JUDGMENT

2

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

In this case, Plaintiff has not opposed Defendants' motion. Plaintiff's failure to oppose summary judgment does not necessarily entitle Defendants to judgment in their favor; rather, for those facts asserted by Defendants and unopposed by Plaintiff, "it is entirely appropriate for this

3

court to treat [such] facts properly supported by the movant to be uncontroverted." Macias v. United States, Civ. No. 05-1445, 2006 U.S. Dist. LEXIS 46652, at *3 n.1 (D.N.J. June 30, 2006) (quoting Talbot v. United States, 05-CV-768, 2005 U.S. Dist. LEXIS 25700, at *2 (D.N.J. Oct. 28, 2005)).  This reasoning comports with Fed. R. Civ. P. 56(e), which states that "[i]f the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."  See Anchorage Assoc. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990).  Because Defendants do not bear the ultimate burden of proof, the Court "must determine that the deficiencies in the opponent's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter of law."  Id.

## III.   DISCUSSION

Under the Prison Litigation Reform Act of 1995 ("PLRA"), codified at 42 U.S.C. § 1997e, prisoners are precluded from contesting prison conditions in federal court until exhausting "all avenues of relief available to them within their prison's inmate grievance system."  Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir. 2004) (holding that the failure to "properly" exhaust administrative remedies under the PLRA constitutes a procedural default).  The purpose of the exhaustion requirement is "(1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits."  Id. at 230.  With the requirement, Congress intended to afford "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  Id. at 227.

4

The exhaustion requirement's broad scope indicates that it "applies to all federal claims brought by any inmate," including claims related to specific incidents and claims of ongoing conditions.  Porter v. Nussle, 534 U.S. 516, 520, 532 (2002).  Additionally, a plaintiff must pursue to completion all available administrative remedies, even if they are not "plain, speedy, and effective," do "not meet federal standards," or could not result in the relief requested in the suit.  Id. at 524.  Grievance procedures set forth in an inmate handbook constitute such a remedy, even if they are not formally adopted by any state administrative agency.  Concepcion v. Morton, 306 F.3d 1347, 1354-55 (3d Cir. 2002).

The prisoner must "carry the grievance through any available appeals process" before the remedies will be deemed exhausted.  Camino v. Scott, No. 05-4201, 2006 WL 1644707, at *4 (D.N.J. June 7, 2006) (citing Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000); Spruill, 372 F.3d at 232).  Failure to exhaust remedies mandates dismissal of the inmate's claim.  Booth v. Churner, 532 U.S. 731, 739 (2001); Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000).

In this instance, the Bureau of Prisons has set forth a process by which inmates may seek remediation for grievances.  An inmate is to submit a written administrative remedy request to the warden.  An inmate may then appeal this decision to the Regional Director and then may appeal that decision to the Office of the General Counsel.  20 C.F.R. § 520.10 et seq.

In support of their motion for summary judgment, Defendants submit the Declaration of Tara Moran, Legal Assistant with the Federal Bureau of Prisons, Federal Correctional Institution, Fort Dix, New Jersey.  Ms. Moran conducted a search of the computerized indices of all administrative appeals filed by inmates, which revealed that Plaintiff did not file any administrative remedies while in the custody of the Federal Bureau of Prisons.  (Moran Aff. ¶ 4.)

Because Plaintiff has failed to respond to Defendants' motion, this Court must accept as true the fact that Plaintiff did not exhaust his administrative remedies.  Accordingly, Defendants are entitled to judgment as a matter of law.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will grant Defendants' motion for summary judgment.  An accompanying order shall issue today.


Dated:    12-27-07                                                     /s/ Robert B. Kugler
                                                                        ROBERT B. KUGLER
                                                                        United States District Judge